**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

GRACE CHRISTIAN FELLOWSHIP,

    Plaintiff,

    v.                                                                       Case No. 07-C-0348

KJG INVESTMENTS INC. and
COLONY INSURANCE COMPANY
and PSK INVESTMENTS, LLC,
    Defendants.

## **DECISION AND ORDER**

On April 13, 2007, plaintiff Grace Christian Fellowship (Grace) filed this action against KJG Investments, Inc. (KJG) and Colony Insurance Co. (Colony) under the citizen suit provision of the Resource Conservation and Recovery Act (RCRA), 42 U.S.C. § 6972. The plaintiff also asserted state law claims of continuing trespass, nuisance, and negligence.

On September 20, 2007, the plaintiff filed a motion for a preliminary injunction. The court held an evidentiary hearing on November 15, 2007, which was continued on the following dates: November 21, 2007, January 23, 2008, January 31, 2008, February 1, 2008, April 9, 2008, and August 4, 2008. On April 7, 2008, the plaintiff filed a motion to present rebuttal testimony of three witnesses. The proposed testimony involved, in part, February 11, 2008, groundwater tests results, results of sub-slab samples and an indoor air sample test conducted on February 12, 2008, a 24-hour indoor air test conducted in the Grace building on March 1-2, 2008, using a SUMMA canister. The defendants objected to the rebuttal testimony, asserting that the testimony was based on new evidence and testing.

After the April 9, 2008, preliminary injunction hearing and the plaintiff's further clarification of the proposed rebuttal testimony, the court determined that the plaintiff wanted to present new evidence which would further extend resolution of the preliminary injunction

motion. Therefore, the court concluded that any rebuttal testimony based on new testing would not be permitted in the preliminary injunction proceeding. See Court's Decision and Order of June 12, 2008, at 10-11. The plaintiff presented the permitted rebuttal testimony at the August 4, 2008, continued hearing.

During the course of the continued hearings on the preliminary injunction motion, on January 21, 2008, the plaintiff filed a motion seeking leave to file an amended complaint, including adding an additional defendant, PSK Investments, LLC, (PSK), the current owner of the gas station. In a memorandum filed on May 8, 2008, addressing the scope of injunctive relief, the plaintiff stated that is was willing to hold in abeyance its request to add PSK as a defendant until such time as the court issued its decision on the plaintiff's motion for a preliminary injunction. See Plaintiff's Memorandum of Law Regarding Scope of Injunctive Order and Amendment of Complaint to Add PSK Investments, LLC at 14. In light of the plaintiff's representation, the court, on June 12, 2008, denied without prejudice the plaintiff's motion to file an amended complaint. The court advised the plaintiff that "it may renew the motion at its discretion simply by advising the court and the defendants in writing that it wants to do so." (Court's Decision and Order of June 12, 2008, at 2, 11).

After the final preliminary injunction hearing on August 4, 2008, the parties filed briefs on the preliminary injunction motion. While the motion was pending, the parties advised the court in the spring of 2009, that they were engaging in mediation in an attempt to resolve the case. Subsequently, on June 1, 2009, the plaintiff filed letter informing the court that despite the parties' efforts, they failed to resolve the case.

On July 20, 2009, the plaintiff filed a motion for leave to file the proposed amended complaint. In a decision and order filed August 7, 2009, the court denied the plaintiff's preliminary injunction motion and granted the plaintiff's motion for leave to file the proposed

- 2 -
Case 2:07-cv-00348-PJG   Filed 05/11/10   Page 2 of 12   Document 221

amended complaint. The plaintiff filed the amended complaint adding PSK as a defendant on August 11, 2009. Subsequently, the defendants filed their answers to the amended complaint.

On October 16, 2009, defendants KJG and PSK filed a motion to strike the expert witness report of the plaintiff's expert, James Drought, and to preclude the plaintiff from introducing expert evidence not disclosed in a timely fashion pursuant to the court's scheduling order. Additional motions regarding the scheduling order were also filed. On December 11, 2009, the court held a status conference on the motions. The court granted in part and denied in part the defendant's motion to strike the plaintiff's expert witness report and set a new scheduling order.

At that hearing, the court informed the plaintiff that if it decided to amend the complaint, the motion for leave to file a second amended complaint had to be filed by January 20, 2010. Subsequently, on January 20, 2010, the plaintiff filed a motion for leave to file a second amended complaint. That motion is fully briefed and will be addressed herein.

## MOTION TO FILE A SECOND AMENDED COMPLAINT

The plaintiff has moved for leave of court to file a second amended complaint. In the proposed amended complaint, the plaintiff alleges supplemental facts which occurred either after the first amended complaint was filed with the court in January 21, 2008, or after the court permitted service of the first amended complaint on August 7, 2009. The plaintiff asserts that its supplemental facts support its claim for negligence, including the defendants' disregard of the DNR's 2008 and 2009 directives.

Additionally, in the second amended complaint, the plaintiff alleges that defendant Colony is directly negligent by its limitation and control of environmental work by defendants KJG and PSK. The second amended complaint also adds a request for punitive damages

based on the alleged wanton and willful disregard of the plaintiff's rights by the defendants. The plaintiff maintains that it has waited almost four years for the defendants to undertake the thorough investigation of its site and remediation of the ongoing contaminant source at the gas station. The plaintiff further asserts that the unremediated contamination continues to pose a threat to the plaintiff, its students and staff.

In filing its motion, the plaintiff asserts that it has satisfied all of the prerequisites of Fed. R. Civ. P. 15(a). Specifically, the plaintiff asserts that it has not unduly delayed in filing the current motion, nor has it been guilty of any bad faith or dilatory motive. The plaintiff maintains that additional leak detection records were not provided to the plaintiff until after PSK responded to the plaintiff's discovery request by providing its 2009 leak detection records on October 23, 2009. The plaintiff also asserts that it obtained additional facts during the discovery process which reflect repeated testing failures by the KJG gas dispensing equipment consistent with the plaintiff's original allegation of negligence. Additionally, the plaintiff asserts that it finally obtained defendant Colony's file documents on December 30, 2009, and its privilege log on January 8, 2010. According to the plaintiff, factual allegations based on these records and other sources are contained in the proposed second amended complaint. The plaintiff asserts that it did not have an opportunity or a reason to add this information to its complaint previously.

The plaintiff further asserts that its original and amended complaints against the defendants clearly alleged the existence of both the 2006 release and historical releases having commingled and traveled to Grace on an ongoing basis. The plaintiff stresses that "[t]he proposed additions to the complaint are primarily factual and do not alter the underlying claims made." (Memorandum in Support of Plaintiff's Motion for Leave to File the Proposed

Second Amended Complaint; And for Supplementation of the Complaint Pursuant to FRCP 15(d) [Plaintiff's Memorandum] at 4).

The plaintiff asserts that the defendants will not suffer undue prejudice as a result of the proposed amendments. Specifically, the plaintiff maintains that the underlying claims have generally not changed except for the addition of language clarifying that the claim against the defendants arises out of both the 2006 spill, the earlier contamination of the site, and the commingled gasoline which has continued to travel to the Grace site. Thus, the plaintiff asserts that it will offer the same general facts, witnesses and evidence to support its claims and, therefore, there will be no need for further discovery other than discovery of the defendants' experts. Finally, the plaintiff maintains that its amended pleading will not be futile.

In response, Defendants KJG and PSK assert that the plaintiff's motion to file a second amended complaint should be denied because the plaintiff unduly delayed in bringing the complaint, it is prejudicial to the defendants and some of its allegations are futile, irrelevant and unnecessary. Defendants KJG and PSK point out that the plaintiff has delayed in amending its complaint for over two years and until after the close of discovery.

The defendants also contend, that contrary to the plaintiff's assertions, the plaintiff's claim against defendant Colony is based on a reference in one of Dr. Singh's reports from 2006, tank inventory records that have been in the plaintiff's possession since December 2008 (only the supplemental records, which the plaintiff's experts did not analyze were produce in October of 2009 responsive to the plaintiff's discovery request served in September of 2009), and any additional testing to be done by the defendants in January is being performed in accordance with the WDNR's open file, and is after the close of discovery. The defendants maintain that the plaintiff does not rely on any recently-discovered facts in filing its motion.

The defendants assert that throughout the litigation the plaintiff has continually delayed resolution and sought to include new theories, parties, facts, witnesses, and opinions after deadlines have passed. According to the defendants, the plaintiff now moves to amend its pleading after the close of discovery with completely new substantive allegations and claims. The defendants contend that the plaintiff is attempting an end-around the court's prior order striking new evidence because certain issues were not pled by the plaintiff. The defendants assert that the court determined by reading the original and amended complaints repeatedly that the release alleged to be at issue by the plaintiff throughout this case is from April 26, 2006. The defendants contend that the plaintiff's new allegations relating to historical releases, ongoing releases, and WDNR directives are untimely and prejudicial to the defendants.

The defendants also assert that the plaintiff alleges new remedies not previously identified, discovered or pled. The defendants contend that it is the plaintiff's burden to request and prove what remedy it is seeking by means of an injunction under RCRA. However, according to the defendants, the plaintiff waited until after the close of discovery to file a proposed amended complaint pleading remedies, i.e., a barrier wall, and indoor air SVE system and an outdoor soil SVE system, which the plaintiff's experts did not discuss, request, or substantiate in any report.

The defendants further assert that the plaintiff alleges new legal theories and claims which would require additional discovery, additional motion practice and additional expert disclosures. Additionally, the defendants assert that the new allegations are so vague and unconnected to any cognizable legal theory that they do not put the defendant on notice, citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Finally, the defendants maintain that the plaintiff includes unnecessary irrelevant and futile matters in the amended pleading.

Defendant Colony also responded to the motion. Defendant Colony asserts that the plaintiff's motion to file a second amended complaint should be denied as the plaintiff cannot show "good cause" required to amend the Fed. R. Civ. P. Rule 16 scheduling order or that the interests of justice are served by the amendment.

Specifically, defendant Colony asserts that the plaintiff's allegations in the second amended complaint will trigger substantial additional discovery, including additional factual discovery on the nature and extent of the plaintiff's new claims against it. Additionally, defendant Colony asserts that the defendants may need to obtain additional experts on those claims. Defendant Colony also points out that the plaintiff's punitive damages claim will create an additional source of conflict between it and its insured, requiring additional motion practice. Finally, defendant Colony contends that the plaintiff's motion to amend should be denied because the additional allegations fail to state a cognizable cause of action against it.

Rule 16(b)(4) of the Federal Rules of Civil Procedure provides that "[a] schedule may be modified only for good cause and with the judge's consent." In this case, contrary to defendant Colony's assertions, the court's scheduling order did not address the filing of amended pleadings. Moreover, at the December 11, 2009, the court allowed the plaintiff until January 20, 2010, to file a motion to file an amended complaint. Accordingly, Rule 15(a) of the Federal Rules of Civil Procedure is the only rule governing the plaintiff's motion for leave to file a second amended complaint.

Rule 15(a) states that leave to file an amended complaint "shall be freely given when justice so requires." The Supreme Court has explained the meaning of "freely given" as used in Rule 15(a) by stating:

> In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of a movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the

>opposing party by virtue of allowance of the amendment, futility of the amendment, etc. – the leave sought should, as the rules require be freely given.

Foman v. Davis, 371 U.S. 178, 182 (1962). Rule 15(a) "evinces a bias in favor of granting leave to amend" and unless there is a substantial reason to deny leave to amend, "the discretion of the district court is not broad enough to permit denial." Select Creations, Inc. v. Paliafito America, Inc., 830 F. Supp. 1213, 1216 (E.D. Wis. 1993). If a motion to file an amended complaint is granted, the amended complaint supersedes the prior complaint. See Duda v. Board of Ed. of Franklin Park Public School District No. 84, 133 F.3d 1054, 1056 (7th Cir. 1998).

Contrary to the plaintiff's assertions, the court already concluded that the original and amended complaints did not allege the existence of both the 2006 release and historical releases having commingled and traveled to Grace on an ongoing basis. Rather, the court, reading the amended complaint as a whole, concluded that it only alleged a cause of action relating to the April 2006 spill. The plaintiff filed the present motion to file a second amended complaint to allege the historical contamination from all past releases at the gas station property as well as an ongoing release from the gas station property.

This case has been pending for over three years, since April 13, 2007. On September 20, 2007, the plaintiff filed a motion for a preliminary injunction. The court held an evidentiary hearing over the period of seven days cumulating on August 4, 2008. On April 7, 2008, the plaintiff filed a motion to present rebuttal testimony of three witnesses which the court granted in part and denied in part. The plaintiff presented the allowed rebuttal testimony at the August 4, 2008, continued hearing.

Additionally, during the course of the continued hearings on the preliminary injunction motion, on January 21, 2008, the plaintiff filed a motion seeking leave to file an amended

complaint, including adding as an additional defendant, PSK. Although the court denied the motion without prejudice, it advised the plaintiff that the motion could be renewed at the request of the plaintiff. The plaintiff renewed its motion to file an amended complaint on July 20, 2009. On August 8, 2009, the court denied the plaintiff's motion for a preliminary injunction and granted the plaintiff's motion to file an amended complaint.

The plaintiff's amended complaint did not include any allegations of historical contamination or allegations of an ongoing release from the gas station property. Although the plaintiff originally filed its motion to amend prior to learning about the alleged ongoing release from the gas station property, nothing prevented it from submitting a revised amended complaint when it renewed its motion to file an amended complaint on July 20, 2009. The plaintiff was aware in March of 2009 that there was an issue with the underground storage tank records and a probable ongoing release from the gas station property.

The plaintiff's new allegations in its proposed second amended complaint relate to information known to it prior to filing the action (i.e., historical contamination), letters issued by the WDNR in 2008 and early 2009, information in expert reports which were due prior to June 1, 2009, an SVE system installed by the WDNR in 2008, and facts relating to the remediation of the property. All of which was known prior to the filing of the amended complaint, prior to the date the plaintiff's expert reports were due and prior to the close of discovery. Throughout the pendency of this case the plaintiff has delayed its resolution by seeking to present new theories of the case, new facts, new witnesses and new expert opinions after the deadlines for doing so had passed. Accordingly, the court finds that the plaintiff unduly delayed in filing its motion to file a second amended complaint.[1] The court also

---

[1] Even the plaintiff's allegations against defendant Colony are based on evidence mostly known to the plaintiff prior to the filing of the amended complaint. They are based, in part, on

finds that if the plaintiff is allowed to file the proposed second amended complaint, the defendants will suffer undue prejudice.

In addition, with respect to the allegations against defendant Colony, the plaintiff's proposed second amended complaint fails to state a claim upon which relief may be granted. Wis. Stat. § 632.24 provides:

> Any bond or policy of insurance covering liability to others for negligence makes the insurer liable, up to the amounts stated in the bond or policy, to the persons entitled to recover against the insured for the death of any person or for injury to persons or property, irrespective of whether the liability is presently established or is contingent and to become fixed or certain by final judgment against the insured.

This direct action statute creates a separate claim against the insurer for damages caused by negligence of the insured. See Akright v. Graves, 2006 U.S. Dist. LEXIS 19122, * 3-4 (E.D. Wis. Apr. 3, 2006) (citing cases).

The plaintiff states that its proposed second amended complaint alleges that there is "contamination from ongoing releases" traveling from the gas station property to Grace's property, citing paragraphs 57a and 90a of the proposed second amended complaint. It further asserts that in the proposed second amended complaint it alleges that defendant "Colony has been complicit in KJG/PSK's failure to adequately investigate and remediate, due to Colony's failure to approve and pay for appropriate investigative actions sought by KJG and its consultant, OM Enterprises." (Plaintiff's Reply Memorandum to Response Brief of Defendant Colony Insurance Company [Plaintiff's Reply] at 6). The plaintiff maintains, therefore, that its direct claim against defendant Colony is the same right of action, i.e., negligent failure to investigate and clean up the site, that it has alleged against the tortfeasors,

---

a reference in one of Dr. Singh's reports from 2006 and tank inventory records which the plaintiff has had since December of 2008.

defendants KJG and PSK. Specifically, the plaintiff asserts that "Colony has been complicit in the negligence of the KJG/PSK defendants by its negligent manipulation and limitation of the environmental work that so urgently needs to be completed at this site." Id. at 8.

Despite its assertions to the contrary[2], the plaintiff is attempting to bring a claim against defendant Colony as a result of defendant Colony's actions and inactions (whether intentional as pled or negligent as argued). In a case cited by the plaintiff, Kranzush v. Badger State Mut. Casualty Co., 103 Wis. 2d 56, 307 N.W.2d 256, 266 (Wis. 1981), the court stated Wis. Stat. § 632.24 "[c]learly . . . does not provide a right of action against the insurer for a separate, intentional tort committed by the insurer" nor does it provide a right of action against the insurer for a separate negligent tort committed by the insurer.

This case now is over three years old. The court has held seven days of hearings on the plaintiff's motion for a preliminary injunction. The parties have served their expert reports and many of the experts have been deposed. The court and the parties have spent a considerable amount of time and effort trying to resolve this case. Under the circumstances, the plaintiff has unduly delayed the filing of its motion to file a second amended complaint. If the court were to allow the filing of the second amended complaint, at this stage of the case defendants KJG, PSK and Colony would suffer undue prejudice. Accordingly, the plaintiff's motion to file a second amended complaint will be denied.

---

[2]Cf. Plaintiff's Reply at 7 ("Plaintiff alleges that Colony has engaged in direct actions that have harmed Grace.") and 11 ("We believe Colony's file documents will clearly show that it has been negligent and that its negligence, in addition to the negligence of its insured, has caused direct harm to the plaintiff.").

- 11 -
Case 2:07-cv-00348-PJG   Filed 05/11/10   Page 11 of 12   Document 221

## CONCLUSION

**NOW, THEREFORE, IT IS ORDERED** that the plaintiff's motion for leave to file a proposed second amended complaint be and hereby is **denied**. (Docket # 207).

Dated at Milwaukee, Wisconsin this 11th day of May, 2010.

BY THE COURT:
  s/ Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge
