**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

GRACE CHRISTIAN FELLOWSHIP,

    Plaintiff,

    v.                                                                Case No. 07-C-0348

KJG INVESTMENTS INC. and
COLONY INSURANCE COMPANY
and PSK INVESTMENTS, LLC,
    Defendants.

## DECISION AND ORDER

On April 13, 2007, plaintiff Grace Christian Fellowship (Grace) filed this action against KJG Investments, Inc. (KJG) and Colony Insurance Co. (Colony) under the citizen suit provision of the Resource Conservation and Recovery Act (RCRA), 42 U.S.C. § 6972. The plaintiff also asserted state law claims of continuing trespass, nuisance, and negligence.

On September 20, 2007, the plaintiff filed a motion for a preliminary injunction. The court held an evidentiary hearing on November 15, 2007, which was continued on the following dates: November 21, 2007, January 23, 2008, January 31, 2008, February 1, 2008, April 9, 2008, and August 4, 2008. On April 7, 2008, the plaintiff filed a motion to present rebuttal testimony of three witnesses. The court denied the plaintiff's motion after concluding that the plaintiff wanted to present new evidence based on new testing which would further extend resolution of the preliminary injunction motion. On August 7, 2009, the court denied the plaintiff's preliminary injunction motion, but granted the plaintiff leave to file an amended complaint.

On August 11, 2009, the plaintiff filed an amended complaint adding defendant PSK Investments LLC (PSK). On October 16, 2009, defendants KJG and PSK filed a motion to strike the expert witness report of the plaintiff's expert, James Drought, and to preclude the

plaintiff from introducing expert evidence not disclosed in a timely fashion pursuant to the court's scheduling order. The court granted in part and denied in part the defendants' motion to strike the plaintiff's expert witness report and set a new scheduling order.

On January 20, 2010, the plaintiff filed a motion for leave to file a second amended complaint. The plaintiff's proposed second amended complaint alleged supplemental facts which occurred either after the first amended complaint was filed with the court on January 21, 2008, or after the court permitted service of the first amended complaint on August 7, 2009. Additionally, the plaintiff alleged that defendant Colony Insurance was directly negligent by its limitation and control the environmental work by defendants KJG and PSK. The court denied the plaintiff's motion for leave to file a second amended complaint finding that the plaintiff unduly delayed in filing its motion to file a second amended complaint and that the defendants would suffer undue prejudice if the plaintiff was allowed to file the proposed second amended complaint.

Pursuant to the amended scheduling order, the parties have filed the following motions: 1) plaintiff's motion for summary judgment on the liability of defendants for trespass, nuisance and negligence and partial determination of liability under RCRA (Docket # 224), 2) plaintiff's motion for summary judgment as to defendant Colony Insurance (Docket # 229), and 3) defendants KJG and PSK's motion for summary judgment. (Docket # 251). Subsequently, the parties filed additional motions.

On October 27, 2010, defendants KJG and PSK filed a motion to strike specified documents from the record. (Docket #273). The defendants seek an order striking the following documents from the record for the purposes of the parties' motions for summary judgment:

1. The affidavit of Chris Peshek and the supporting documents attached thereto;

2. The affidavit of Heidi Woelfel and the supporting documents attached thereto;

3. Paragraphs four and five of the affidavit of James Drought;

4. Paragraph six of the affidavit of Thomas Heine;

5. Paragraphs eight through ten of the affidavit of Theodore Hogan;

6. Paragraph six of the affidavit of Judi Gavin;

7. Affidavit of Pamela H. Schaefer (October 13, 2010) and the documents attached thereto.

The defendants assert that the plaintiff's submission of documents one through five violates the court's amended scheduling order and that documents six and seven contain inadmissable hearsay.

The plaintiff filed a brief opposing the defendants' motion to strike and also a motion to amend the scheduling order. (Docket # 277). By its motion amend, the plaintiff to seeks an order amending the scheduling order pursuant to Fed. R. Civ. P. 16(b)(4), 34 and 26(e)(1) "in order to accommodate the needs of the parties to continue to exchange groundwater/soil, and air data which is periodically obtained by both parties and filed with the Department of Natural Resources (DNR)." (Plaintiff's Civil Local Rule 7(h) Expedited Nondispositive Motion to Amend the Scheduling Order [Motion to Amend] at 1).

Defendants' motion to strike and the plaintiff's motion to amend are related motions and will be addressed together. The remaining motions will be addressed in a subsequent decision and order. The resolution of the plaintiff's motion to amend the scheduling order affects the defendants' motion to strike. Thus, the court will first address the motion to amend.

The plaintiff asserts that pursuant to Fed. R. Civ. P. 26(e)(1), the parties have a duty to supplement their document production if it is incomplete. The plaintiff further asserts that in this case, the parties continue to develop records of ongoing environmental investigative

- 3 -

testing. According to the plaintiff, defendants KJG and PSK, for example, have neither completed their investigation, nor received approval from the DNR for any remedial action plan required under DNR regulations.

Additionally, the plaintiff indicates that defendants KJG and PSK have filed reports with the DNR after the cut-off date of December 15, 2009, including Raghu Singh's reports of March 2010 attached to the September 15, 2010, Affidavit of Raghu Singh, which was filed with the court in support of KJG's motion for summary judgment. The plaintiff states that in August 2010, both it and defendant KJG conducted groundwater testing in the alley north of the KJG property. The plaintiff asserts that although it provided a copy of its test results through its counsel to defendant KJG and PSK's counsel, defendant KJG has not provided a copy of its August 2010 test results to the plaintiff. Thus, "in order to assure a regular and consistent exchange of such testing results and data," the plaintiff requests that the current discovery deadline be extended "as it relates to the issue of investigative environmental data obtained by either party to this case after [the] December 15, 2009 cut off date, and forty-five (45) days prior to trial." (Motion to Amend at 2).

In response to the plaintiff's motion to amend the scheduling order, defendants KJG and PSK assert that they have no intention of utilizing any environmental testing data obtained after the scheduling order deadlines in conjunction with this lawsuit, and that the plaintiff also should not be able to do so. Defendants KJG and PSK further assert that the court's scheduling order does not govern the ongoing site investigation required under the Wisconsin Administrative Code. Defendants KJG and PSK further contend that ongoing discovery, as proposed by the plaintiff, would be prejudicial to them.

Rule 16(b)(4) of the Federal Rules of Civil Procedure provides that "[a] schedule may be modified only for good cause and with the judge's consent." The plaintiff maintains that

good cause is present in this case because, pursuant to Fed. R. Civ. P. 26(e)(1), parties have a duty to supplement their document production if incomplete.

The plaintiff has had ample opportunity to conduct discovery. On January 30, 2009, the court entered a scheduling order establishing a discovery deadline of September 30, 2009. On April 29, 2009, the scheduling order was amended to extend the discovery until October 30, 2009, and on May 15, 2009, the scheduling order was again amended to extend the discovery deadline until December 15, 2009. The plaintiff seeks to extend the discovery deadline once again asserting the parties' "mutual need" to exchange ongoing environmental testing. Defendants KJG and PSK continue to perform environmental testing on the site because they are required to submit the data to the WDNR pursuant to the Wisconsin Administrative Code. Defendants KJG and PSK assert that they have no intention on using any environmental testing data obtained after the scheduling order deadlines in this case.

In its May 11, 2010, order denying the plaintiff's motion to file a second amended complaint, the court stated:

> Contrary to the plaintiff's assertions, the court already concluded that the original and amended complaints did not allege the existence of both the 2006 release and historical releases having commingled and traveled to Grace on an ongoing basis. Rather, the court, reading the amended complaint as a whole, concluded that it only alleged a cause of action relating to the April 2006 spill. The plaintiff filed the present motion to file a second amended complaint to allege the historical contamination from all past releases at the gas station property as well as an ongoing release from the gas station property.
> This case has been pending for over three years, since April 13, 2007. On September 20, 2007, the plaintiff filed a motion for a preliminary injunction. The court held an evidentiary hearing over the period of seven days cumulating on August 4, 2008. On April 7, 2008, the plaintiff filed a motion to present rebuttal testimony of three witnesses which the court granted in part and denied in part. The plaintiff presented the allowed rebuttal testimony at the August 4, 2008, continued hearing.
> Additionally, during the course of the continued hearings on the preliminary injunction motion, on January 21, 2008, the plaintiff filed a motion seeking leave to file an amended complaint, including adding as an additional defendant, PSK. Although the court denied the motion without prejudice, it

> advised the plaintiff that the motion could be renewed at the request of the plaintiff. The plaintiff renewed its motion to file an amended complaint on July 20, 2009. On August 8, 2009, the court denied the plaintiff's motion for a preliminary injunction and granted the plaintiff's motion to file an amended complaint.
> 
> The plaintiff's amended complaint did not include any allegations of historical contamination or allegations of an ongoing release from the gas station property. Although the plaintiff originally filed its motion to amend prior to learning about the alleged ongoing release from the gas station property, nothing prevented it from submitting a revised amended complaint when it renewed its motion to file an amended complaint on July 20, 2009. The plaintiff was aware in March of 2009 that there was an issue with the underground storage tank records and a probable ongoing release from the gas station property.
> 
> The plaintiff's new allegations in its proposed second amended complaint relate to information known to it prior to filing the action (i.e., historical contamination), letters issued by the WDNR in 2008 and early 2009, information in expert reports which were due prior to June 1, 2009, an SVE system installed by the WDNR in 2008, and facts relating to the remediation of the property. All of which was known prior to the filing of the amended complaint, prior to the date the plaintiff's expert reports were due and prior to the close of discovery. Throughout the pendency of this case the plaintiff has delayed its resolution by seeking to present new theories of the case, new facts, new witnesses and new expert opinions after the deadlines for doing so had passed. Accordingly, the court finds that the plaintiff unduly delayed in filing its motion to file a second amended complaint. The court also finds that if the plaintiff is allowed to file the proposed second amended complaint, the defendants will suffer undue prejudice.

(footnote omitted).

Although the court agrees with the plaintiff that facts of an environmental case are not static, without some set deadline for discovery, this case would continue ad infinitum. As the court has previously stated, Fed. R. Civ. P. 26(e), which requires the supplementation of expert witness reports, does not give a party license to disregard discovery deadlines. Rule 26(e) provides that a party must supplement or correct a disclosure or response "if the party learns that in some material respect the disclosure or response is incomplete or incorrect." Fed. R. Civ. P. 26(e)(1)(A). The rule "'does not give the producing party a license to disregard discovery deadlines and to offer new opinions under the guise of the supplement label.'"

- 6 -

Welch v. Eli Lilly & Co., 2009 U.S. Dist. LEXIS 21417, at 11-12 (S.D. Ind. Mar. 16, 2009) (citations omitted) (citing cases).  The plaintiff has failed to show good cause to amend the scheduling order to re-open discovery in this case.   Accordingly, the plaintiff's motion to amend the scheduling order will be denied.

Addressing the defendants' motion to strike, the court notes that the amended scheduling order provides that discovery was permitted to continue without leave of the court until December 15, 2009,[1] and that the plaintiff's lay and expert disclosures were due June 30, 2009. The defendants maintain that pursuant to Fed. R. Civ. P. 26(a)(2)(B) and Fed. Rule Civ. P. 37(c), any opinion which is not contained in the expert reports must be stricken from the record.  In addition to asserting that the evidence submitted by the plaintiff violates the scheduling order, the defendants also assert that some of the affidavits contain inadmissible hearsay.

In response to defendants KJG and PSK's motion, the plaintiff maintains that all of its affidavits comply with Fed. R. Civ. P. 56(c)(1) and (e), as well as the local rules.[2] The plaintiff asserts that the applicable provisions of the federal rules do not require "that facts alleged by the affiant are constrained by a scheduling order, nor that the person providing the affidavit be listed as, or disclosed on a witness list." (Plaintiff Grace Christian Fellowship's Response

---

[1] Although it does not affect the defendants' motion to strike, the court notes that the defendants indicate that under the court's amended scheduling order, discovery was permitted to continue without leave of court until September 30, 2009.  That date was established by the court's February 30, 2009, Amended Scheduling Order.  The court amended the scheduling order twice after filing that order.  See April 30, 2009, Order (Docket # 131) and May 15, 2009, Order (Docket 133).  December 15, 2009, is the discovery deadline date established by the May 15, 2009, Order.

[2] The plaintiff also contends that KJG failed to comply with Civ. L. R. 7(a)(2) (E.D. Wis.) and, therefore, its motion to strike should be denied.  Although the defendants' motion was not accompanied by a separate supporting memorandum, the motion itself included the basis for the defendants' motion to strike, citing the supporting facts and law.  Thus, the plaintiff had all of the necessary information in order to respond to the defendants' motion. In addition, defendants KJG and PSK stated that they inadvertently did not file a certification indicating that they would not be filing a memorandum of law pursuant to Civ. L. R. 7(a)(2). Accordingly, under the circumstances,  a denial of the defendants' motion to strike based on a violation of the local rules is not warranted.

to the Defendants' Motion to Strike Portions of Plaintiff's Affidavits [Plaintiff's Response to Defendants' Motion to Strike] at 3). The plaintiff acknowledges that a number of its submitted affidavits contain sworn testimony regarding environmental testing facts arising after the December 15, 2009, discovery cutoff.

The plaintiff maintains, however, that the defendants' expert, Raghu Singh, filed an affidavit dated September 15, 2010, attaching reports and test data filed with the DNR in March 2010, also after the discovery cutoff date. The plaintiff asserts that it did not object to the defendants' filing and, in fact, referred to the March 2010 reports extensively in its own briefs. The plaintiff further asserts that joint testing of the new alleyway monitoring wells was agreed upon by counsel during the summer of 2010 and that "[b]y attacking the Woelfel and Peshek affidavits which present the results of the August 2010 joint testing, defendants seek to prevent the Court from considering relevant evidence about the on-going role of the alley as a contaminant pathway from KJG to Grace." (Plaintiff's Response to Defendants' Motion to Strike at 6).

In this case, the discovery deadline was December 15, 2009. Thus, any averment that relates to evidence or observations from after December 15, 2009, will be stricken and not considered by the court in deciding the pending motions.[3] Additionally, any data from after December 15, 2009, will not be considered. Thus, the affidavits of Chris Peshek and Heidi Woelfel as well as the attached supporting documents will be stricken. Paragraph six of the affidavit of Thomas Heine will also be stricken.

The defendants assert that the opinions set forth in the affidavits of Mr. Drought (at paragraphs 4 and 5) and Dr. Hogan (at paragraphs 8 through 10) must be stricken because they were signed after the scheduling order deadline for expert reports and subtly expand on

---

[3]This applies to the defendants' submissions as well.

the experts' opinions or, in some instances, set forth opinions not found anywhere in the experts' reports.

Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure provides that expert reports are required to contain "(i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the data or other information considered by the witness in forming them . . .." Additionally, Fed. Rule Civ. P. 37(c) provides that "[i]f a party fails to provide information or identify witnesses required by Rule 26(a) or (e), the party is not allowed to use that information or witnesses to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Thus, if the opinions set forth in the affidavits of Mr. Drought (at paragraphs 4 and 5) and Dr. Hogan (at paragraphs 8 through 10) are not found anywhere in their respective experts reports, those affidavits must be stricken.

Paragraphs four and five of Mr. Drought's affidavit state the following:

> 4. Based on my review of the data and my familiarity with the Grace building, I disagree with Mr. Tuomanen on several key issues. It is my professional opinion that the gasoline remaining under the floor of Grace and in the alley continues to pose a threat to Grace.
> 5. Based on the August 2009 vapor sampling results, which were collected during the time when the interim remedial ventilation system was shut down, elevated levels of volatile organic vapor emissions were measured with the PID near the floor sumps associated with the system, the associated piping and the interim footing and sub-slab ventilation systems. These vapors are related to the gasoline which remains underneath the Grace building.

(Affidavit of James Drought [Drought Aff.], ¶¶ 4,5). Mr. Drought's expert reports include his expert report of June 29, 2009, Id.,Exh. A, including the narrative portion of the report, tables and several figures and his complete report of December 21, 2009, Id., Exh. B, and his letter of September 17, 2008, to John Hnat at the Wisconsin Department of Natural Resources. Id., Exh. C.

With regard to paragraph four, Mr. Drought's reports indicate his opinion that, as of the date of the report(s), the gasoline remaining under the floor of Grace and in the alley poses a threat to Grace. Additionally, paragraph five restates Mr. Drought's findings and opinion contained in his supplemental report of December 21, 2009. Accordingly, the defendants' motion to strike with respect to Mr. Drought's affidavit will be denied.

With respect to Dr. Hogan's affidavit, paragraphs eight through ten state the following:

> 8. The contamination I observed in the pipe chase creates a direct pathway from under the floor into the air space at Grace.
> 9. The risk posed by the unremediated gasoline below the floor of Grace is real, significant and on-going.
> 10. Based on research which I have compiled, including the TOXICOLOGICAL PROFILE FOR BENZENE by the Agency for Toxic Substances and Disease Registry (2007), I have concluded that the carcinogen benzene, an immunogenic agent, can cause genetic mutations.

(Affidavit of Theodore Hogan [Hogan Aff.], ¶¶ 8-10).

Dr. Hogan wrote expert reports including a report dated February 16, 2008, and a report entitled "Third Addendum Report" dated June 26, 2009. Id., Exhs. A and B. With regard to paragraph eight, it does not appear that Dr. Hogan supplemented his expert reports after the August 27, 2009, air tests conducted in the basement of the Grace building by Shaw Environmental. Thus, he cannot expand his expert opinion to include an opinion that the contamination observed in the pipe chase that day creates a direct pathway from under the floor to the air space at Grace. With regard to paragraph nine, Dr. Hogan's reports indicate his belief that the unremediated gasoline below the floor of Grace poses a risk of harm to Grace's occupants. He can aver that it poses a harm and that the harm is significant, but not that the harm is on-going. With regard to paragraph ten, the court cannot locate anywhere in Dr. Hogan's reports where he offers the opinion that benzene can cause genetic mutations.

- 10 -

Accordingly, paragraphs eight and ten of the Dr. Hogan's affidavit will be stricken. In addition, the word "on-going" in paragraph nine also will be stricken.

Judy Gavin states in paragraph six of her affidavit that "the teachers will often contact me to investigate when they have noticed a petroleum odor in the building." (Affidavit of Judi Gavin [Gavin Aff.]). The plaintiff indicates that the statement is not a statement made for the purposes of proving the facts asserted. As such, it is governed by an exception to the hearsay rule and will not be stricken.

Finally, defendants' KJG and PSK assert that the plaintiff's counsel inappropriately attempts to introduce evidence into the record about which she has no personal knowledge by attaching numerous documents to her October 13, 2010, affidavit. The documents at issue are expert reports, letters, and other scientific data. The defendants maintain that the documents are inadmissible hearsay under Rules 801 of the Federal Rules of Evidence because the documents contain out of court statements offered in evidence to prove the truth of the matter asserted. In response the plaintiff asserts that the documents are admissible because they are already part of the record in this case.

Rule 56(c)(4) of the Federal Rules of Civil Procedure states:

An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

The defendants agree that plaintiff's counsel may submit, through her affidavit, deposition or hearing testimony that was given under oath. Counsel may also submit documents or excerpts of documents introduced and admitted into evidence at the preliminary hearing. It appears that most of the documents the plaintiff's counsel submitted with her own affidavit also were submitted by the affidavit of the respective expert, marked and admitted into evidence at the preliminary injunction hearing or they are sections of the Wisconsin Administrative Code

which do not have to be submitted by affidavit. Accordingly, only three documents submitted by the plaintiff's counsel's affidavit, the documents at Tab B, C and R, will be stricken.[4]

In sum, the plaintiff has failed to show good cause to amend the scheduling order and, therefore, the plaintiff's motion to amend the scheduling order will be denied. Furthermore, any averment that relates to evidence or observations from after December 15, 2009, will be stricken from the affidavits submitted by either the plaintiff or the defendants and not considered by the court in deciding the pending motions. Thus, the affidavits of Chris Peshek and Heidi Woelfel and paragraph six of the affidavit of Thomas Heine will be stricken. Additionally, paragraphs eight and ten and the word "on-going' in paragraph nine of Dr. Hogan's affidavit and documents at Tab B, C and R of Ms. Schaefer's October 13, 2010, affidavit will be stricken. Accordingly, defendant KJG and PSK's motion to strike will be granted in part and denied in part.

## CONCLUSION

**NOW, THEREFORE, IT IS ORDERED** that the plaintiff's motion to amend/correct the scheduling order be and hereby is **denied**. (Docket #277).

**IT IS FURTHER ORDERED** that defendants KJG and PSK's motion to strike be and hereby is **denied in part and granted in part** as stated herein. (Docket #273)

Dated at Milwaukee, Wisconsin this 4th day of August, 2011.

BY THE COURT:

   s/ Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge

---

[4]Although the plaintiff asserts that the document at Tab R is a public record, it is not. See Fed. R. Evid. 803(8).