# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

GRACE CHRISTIAN FELLOWSHIP,

    Plaintiff,

    v.                                                                    Case No. 07-C-0348

KJG INVESTMENTS INC. and
COLONY INSURANCE COMPANY
and PSK INVESTMENTS, LLC,
    Defendants.

## DECISION AND ORDER

On April 13, 2007, plaintiff Grace Christian Fellowship (Grace) filed this action against KJG Investments, Inc. (KJG) and Colony Insurance Co. (Colony) under the citizen suit provision of the Resource Conservation and Recovery Act (RCRA), 42 U.S.C. § 6972. The plaintiff also asserted state law claims of continuing trespass, nuisance, and negligence. On August 7, 2009, the plaintiff filed an amended complaint adding defendant PSK Investments LLC (PSK).

Pursuant to the amended scheduling order issued in this case, the parties filed the following motions: 1) plaintiff's motion for summary judgment on the liability of defendants for trespass, nuisance and negligence and partial determination of liability under RCRA (Docket #224), 2) plaintiff's motion for summary judgment as to defendant Colony Insurance (Docket #229) and 3) defendants KJG and PSK's motion for summary judgment. (Docket #251). The plaintiff's motion for summary judgment as to defendant Colony Insurance will be addressed herein. The remaining motions will be addressed in a subsequent decision and order.

## **SUMMARY JUDGMENT STANDARD**

Summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, admissions on file and affidavits, if any, establish that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); McNeal v. Macht, 763 F.Supp. 1458, 1460-61 (E.D. Wis. 1991). "Material facts" are those facts that under the applicable substantive law "might affect the outcome of the suit." See Anderson, 477 U.S. at 248. In determining whether a genuine issue of material fact exists, the court must consider the evidence and all reasonable inferences in the light most favorable to the nonmoving party. See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., Ltd., 475 U.S. 574, 587 (1986), Matter of Wade, 969 F.2d 241, 245 (7th Cir. 1992).

Rule 56(c)(1) of the Federal Rules of Civil Procedure provides in relevant part:

(1) ***Supporting of Factual Positions.*** A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
    (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
    (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Rule 56(c)(4) further states: "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." The evidence relied upon in a motion for summary judgment must be of a kind that would be admissible at trial. See Waldridge v. American Hoechst Corp., 24 F.3d 918, 921 n.2 (7th Cir. 1994) (citing Gustovich v. AT & T Communications, Inc., 972 F. 2d 845, 849 [7th Cir. 1992]).

Any proposed findings of fact which do not set forth facts that "would be admissible in evidence" have not been included in the relevant facts. Fed. R. Civ. P. 56(c)(4).

To the extent that an objection to a proposed finding of fact fails to cite specific evidentiary support, the objection has no weight. See Schneiker v. Fortis Ins. Co., 200 F.3d 1055, 1057 (7th Cir. 2000); Doe v. Cunningham, 30 F.3d 879, 881 (7th Cir. 1994). To the extent that an objection is non-responsive to the proposed finding of fact, the objection does not create a dispute of fact.

"It is well-settled that conclusory allegations . . . without support in the record, do not create a triable issue of fact." Hall v. Bodine Elec. Co., 276 F.3d 345, 354 (7th Cir. 2002) (citing Patterson v. Chicago Ass'n for Retarded Citizens, 150 F.3d 719, 724 [7th Cir. 1998]). A finding of fact based on an affidavit which contains conclusory legal statements and is barren of any relevant facts of which the affiant has personal knowledge is not proper under Rule 56(c). See Resolution Trust Corp. v. Juergens, 965 F.2d 149, 152-53 (7th Cir. 1992). Such unsupported conclusory allegations have not been included in the relevant undisputed facts.

## **RELEVANT UNDISPUTED FACTS**[1]

Defendant KJG Investments, Inc. (KJG) owned a gas station located at 9922 West Capitol Drive, Milwaukee, Wisconsin, through April 24, 2006 (Gas station). On April 25, 2006, the land on which the gas station sits was transferred to PSK Investments, LLC (PSK). Between April 20, 2006, and April 26, 2006, a flex hose connector under pumps No. 5 and No.

---

[1] As a general matter, unless accompanied by citation, the relevant facts are taken from the stipulated facts and the parties' proposed findings of fact which are not disputed. Citations to sources of quoted excerpts have been included even when those excerpts are undisputed.

6 of the gas station leaked. When the leaking flex hose connector was found, there was no visible gasoline on the ground.

Defendant Colony issued a policy of insurance, subject to all of its terms, conditions, provisions, exclusions and limits of liability contained therein, to KJG, Policy No. PP207946 (KJG Policy). The policy period of the KJG Policy is October 22, 2005, through October 22, 2006, as the term "policy period" is defined under the KJG Policy. On August 31, 2006, the "scheduled facility," as that term is defined in the Colony policy issued to KJG located at 9922 W. Capitol Drive, was deleted from the KJG Policy.

The leak at the flex hose connector at the gas station constitutes a "release" as the term is defined under the KJG Policy. The leak at the flex hose connector at the gas station was a leak of a "petroleum product" and a "release" from a "storage tank system" as the term "storage tank system is defined under the KJG Policy. The "release" of the "petroleum product" at the gas station was a "release" of a "petroleum product" at a "scheduled facility" as the term "scheduled facility" is defined under the KJG policy.

The Articles of Organization for defendant PSK Investments, LLC, were filed with the State of Wisconsin on March 13, 2006. The registered agent was Jagdisher Singh Kler. He is also the controlling member of defendant PSK. Uni-Pump repaired or replaced a spill alarm system at the gas station that was not functioning during the spill in 2006.

Defendant Colony issued a policy to defendant PSK which contains the same terms and conditions as the KJG Policy, but the inception and expiration dates of the policies vary. Defendant Colony sent three different reservation of rights letters, first to defendant KJG and then to defendant PSK. The first letter dated June 2, 2006, was sent to Jagdisher Singh Kler/KJG Investments, Inc. The second letter dated May 11, 2007 was sent to Jagdisher Singh

Kler/KJG Investments, Inc. The third letter is dated September 24, 2009 and was sent to PSK Investments, LLC, attention Jagdisher Singh Kler. All three letters were sent to Mr. Singh Kler at N61 W1445 Brookside Drive, Menomonee Falls, Wisconsin.

Defendant Colony's first Reservation of Rights letter sent to KJG on June 2, 2006, states that policy was effective from October 22, 2005 to October 22, 2006. In its Reservation of Rights letter dated May 11, 2007, Colony stated that it "issued a Storage Tank Pollution Liability Claims Made & Reported Policy to KJG Investments, Inc. under Policy Number PP207946 bearing the effective dates of October 22, 2005 to August 31, 2006 for the location at 9922 W. Capitol Drive, Milwaukee, WI." (Affidavit of Pamela H. Schaefer dated July 22, 2010 [Schaefer Aff.], Exh. 2[c] at 2).

Defendant Colony's Reservation of Rights letter dated September 24, 2009, which was sent to defendant PSK, states that the policy had an inception date of August 31, 2006 and an expiration date of August 31, 2007. The policy was renewed with defendant PSK and had an inception date of August 31, 2007 and an expiration date of August 31, 2008. All three of these Colony policies contain a retroactive date of October 22, 2001, for the 9922 W. Capitol Drive, Milwaukee, WI location.

The Reservation of Rights letter dated September 24, 2009, addressed to defendant PSK indicates that defendant Colony is defending the matter "under a Reservation of Rights under Policy PP210039 because the Plaintiff has alleged in certain causes of action and seek (sic) types of damages that may not be covered under your policy." (Schaefer Aff., Exh. 2[c] at 2). The letter sets forth, in part, the reasons for Colony's position:

> In part, in order for coverage to exist under the Colony policies for PSK Investments, LLC, the release must emanate from a "scheduled storage system" at a "scheduled facility"; the "release" must first commence subsequent to the Policy's "effective date" or

> "retroactive date" and the "release" must be reported to Colony
> subsequent to the "effective date" and prior to the "expiration date"
> and any "extended reporting periods."

Id. at 3. The Wisconsin Department of Natural Resources has paid for the installation of a vapor extraction system at the plaintiff's property.

## **ANALYSIS**

The plaintiff filed a motion for summary judgment as to defendant Colony seeking to establish the existence of insurance coverage under policies issued by defendant Colony for the damages suffered by the plaintiff as a result of the 2006 spill/release from the gas station. The plaintiff maintains that there are no disputed material facts on the issue of coverage. Specifically, the plaintiff asserts that the basic facts are established by the attached affidavit of defendants' KJG and PSK's expert, Raghu Singh, and other documents which are not in dispute. The plaintiff asserts that it has met the factual requirements for coverage and that the exclusions claimed by defendant Colony in its May 11, 2007, Reservation of Rights letter to defendant KJG are inapplicable. Thus, plaintiff seeks an order finding that defendants KJG and PSK are both insured under defendant Colony's tank insurance policies for the damages arising out of the April 2006 spill at the gas station.

In response, defendant Colony asserts that the plaintiff is seeking an advisory opinion on whether defendant Colony will have a duty to indemnify defendants KJG or PSK under one or more of its policies in the event that the plaintiff proves liability and damages. Defendant Colony further asserts that the plaintiff's motion must be denied as it relates to the KJG policy because the gas station was not a "scheduled facility" under that policy at the time of the plaintiff's loss. Alternatively, defendant Colony maintains that even if the loss falls under the grant of coverage, exclusions in the policy bar coverage to all or part of the plaintiff's claimed

damages. Finally, defendant Colony asserts that there is no coverage under the defendant PSK's policies because the loss was prior to the inception of the policies.

The plaintiff asserts that Wisconsin courts routinely decide coverage issues before damages are ascertained. The plaintiff relies on Mowry v. Badger State Mut. Cas, Co., 129 Wis. 2d 496, 385 N.W.2d 171, 186 n.4 (Wis. 1986). In a previous action, the insurer in Mowry sought and was granted a separate trial on the issue of coverage pursuant to Wis. Stat. § 803.04(2)(b). The insurer eventually lost that separate trial and immediately offered to the plaintiff the policy limits under the insurance contract. Subsequently, the parties entered into a stipulation of judgment in favor of the plaintiff and against the insurer for an amount equal to the policy limits and against the insured for an amount in excess of ten times the policy limits. In satisfaction of the judgment, the insured assigned any and all causes of action which the insured might have against the insurer. The plaintiff then brought a second action, Mowry, against the insurer for bad faith and breach of contract.

In Mowry, the Wisconsin Supreme Court reversed a judgment of the circuit court holding that the insurer breached its contract and committed bad faith in refusing to defend its insured and in refusing to settle the third-party claim of the victim within the liability limits of the insurance policy. The court concluded that the insurer did not commit bad faith, even though its insured's liability for the accident was probable and the damages were in excess of the policy limits because "[t]he question of coverage under the policy was fairly debatable." Id. at 182.

In addition to concluding that the insurer did not commit bad faith, the court also concluded that the insurer did not breach its contractual duty to defend. The court stated that "[i]t is undisputed that a liability insurer generally has a contractual duty to defend its insured in

an action for damages." Id. at 185.  The court held, however, that the duty to defend is not breached when, as were the facts in the case before it, the insurer initially denied coverage because it believed coverage under the policy was fairly debatable, but it assumed the defense of the insured after the coverage trial and after a jury determined that coverage existed.  See Elliott v. Donahue, 169 Wis. 2d 310, 317, 485 N.W.2d 403 (Wis. 1992)  ("An insurer does not breach its contractual duty to defend by denying coverage where the issue of coverage is fairly debatable as long as the insurer provides coverage and defense once coverage is established.").

The plaintiff cites to note four of the decision in Mowry in support of its contention that Wisconsin courts routinely decide coverage issues before damages are ascertained.  Note four states in its entirety:

> In many cases policy defenses are tried prior to the determination of the liability and damages issues.  Iowa Nat. Mut. Ins. Co. v. Liberty Mut. Ins. Co., 43 Wis. 2d 280, 288, 168 N.W.2d 610 (1969).
> It would seem that, once an order to bifurcate has been made, a trial on a coverage issue should be a relatively simple matter. We, therefore, encourage a court which has ordered bifurcation to expedite the coverage issue by placing the trial on its calendar at an early date to assist in avoiding a needlessly protracted claim against the insured.

Mowry, 385 N.W.2d at 186 n.4.

Contracts for insurance typically impose two main duties -- the duty to indemnify the insured against damages or losses, and the duty to defend against claims for damages.  See Johnson Controls, Inc. v. London Mkt., 325 Wis. 2d 176, 784 N.W.2d 579, 586 (Wis. 2010).  In context, it is clear that the Mowry court is referring to the trying of policy defenses in relation to the insured's duty to defend.  So, yes, Wisconsin courts routinely decide coverage issues before damages are ascertained, but they do so as to the insurance company's duty to defend, not its duty to indemnify.  The plaintiff is seeking an order finding the existence of coverage

under all three of defendant Colony's policies "based on the undisputed facts[,] on the language of the policies, the undisputed facts which trigger coverage, and the inapplicability of policy exclusions." (Plaintiff's Memorandum of Law in Support of its Motion for Summary Judgment as to Colony Insurance [Plaintiff's Memorandum] at 14). Clearly, the plaintiff is seeking an order that defendant Colony has a duty to indemnify defendants KJG and PSK. "The duty to indemnify is not ripe for adjudication until the insured is in fact held liable in the underlying suit." Nationwide Insurance Co. v. Zavalis, 52 F.3d 689, 693 (7th Cir. 1995); see also, Casual Dining Dev., Inc. v. QFA Royalties, LLC, 2008 U.S. Dist. LEXIS 70586, at *5 (E.D. Wis. Sept. 5, 2008); General Cas. Co. v. Hills, 209 Wis. 2d 167, 561 N.W.2d 718, 722 n.11 (Wis. 1997) (considering only the insurance company's duty to defend "because the duty to indemnify issue must await resolution of the claim brought" against the insured.).

Moreover, even if the plaintiff were seeking an order that defendant Colony has a duty to defend under the policies, its motion would fail. A third-party may not enforce a policy's duty to defend. See Grinnell Mut. Reinsurance Co. v. Reinke, 43 F.3d 1152 (7th Cir. 1995) (holding that the victims were not entitled to contest the district court's conclusion that the insurer need not defend the insured in the tort litigation).

In this case, therefore, with respect to the plaintiff's motion for summary judgment as to defendant Colony, no case or controversy exists that is ripe for adjudication because there has been no finding of liability against either of the defendant insureds. Accordingly, the plaintiff's motion for summary judgment as to defendant Colony will be denied.

## **CONCLUSION**

**NOW, THEREFORE, IT IS ORDERED** that the plaintiff's motion for summary judgment as to defendant Colony Insurance Company be and hereby is **denied**. (Docket # 229).

Dated at Milwaukee, Wisconsin this 16th day of September, 2011.

BY THE COURT:
   s/ Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge